# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:19-CV-00552-GCM

| | |
|---|---|
| **KAHUNA GROUP, LLC,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **BUNKER CAPITAL, LLC,** | |
| **REMY JACOBSON,** | |
| **Defendants.** | |

**THIS MATTER** comes before the Court on Plaintiff Kahuna Group's Petition to Lift Stay, Confirm Arbitration Award, and Enter Judgment (ECF No. 34). Defendant Remy Jacobson filed a response in opposition, and Kahuna Group filed a reply. *See* ECF No. 41 & 43. This matter is now ripe for disposition. For reasons that are explained in more detail below, the Court will deny the petition without prejudice and will maintain the existing stay pending resolution of Jacobson's vacatur challenge in state court.

## I.    BACKGROUND

In 2018, Plaintiff Kahuna Group, LLC hired Defendants Remy Jacobson and Bunker Capital, LLC to design and implement an "initial coin offering" (ICO) for a unique real estate cryptocurrency, the "Kahuna Token." The promised cryptocurrency never materialized, the deal fell apart, and litigation ensued.

Invoking diversity jurisdiction, Kahuna sued Jacobson, Bunker Capital, and another involved individual, Gregory Bachrach. Bunker Capital never appeared to defend itself. *See* ECF No. 11 (clerk's default). The individual defendants, Jacobson and Bachrach, each moved to dismiss. ECF No. 12 & 17. They also sought to compel arbitration, invoking an arbitration

provision in the Master Services Agreement signed by Kahuna Group and Bunker Capital. The Court ordered arbitration in Miami, Florida and stayed the civil action during the pendency of those proceedings.

In June 2021, Kahuna commenced arbitration proceedings against Bunker Capital and Jacobson[1] through the American Arbitration Association (AAA). Neither defendant participated in the arbitration. ECF No. 34-1 at 1. On January 5, 2022, the arbitrator found in Kahuna's favor, awarding more than $3 million in trebled damages, plus attorneys' fees and costs. *Id.* at 5.

Approximately one month later, Jacobson filed a petition to vacate the arbitration award in Florida state court. Jacobson argued that the arbitration was unenforceable under the Federal Arbitration Act and the Florida Arbitration Code. He claimed that notice was defective because the relevant documents had been sent by mail and email to old addresses.[2] Jacobson also argued that the arbitrator had relied on perjured testimony from Bachrach, and that the proceedings violated procedural due process guarantees in the Florida and United States Constitutions. *See* ECF No. 41-2. Kahuna and Jacobson are currently litigating the vacatur petition in Florida court.

In March 2022, Kahuna filed a petition in this Court to lift the stay, confirm the arbitration award, and enter judgment in its favor. ECF No. 34. Jacobson opposed the petition, urging that the Court maintain the stay pending resolution of the Florida vacatur proceedings.

## II.    DISCUSSION

---

[1] Kahuna voluntarily dismissed its claims against Bachrach. ECF No. 28. Bachrach later submitted testimony during the arbitration commenced against Jacobson and Bunker Capital. *See* ECF No. 34-1 at 1.

[2] Jacobson stated that he lost access to his Bunker Capital email account when he left the company in September 2019. ECF No. 41-2 at 49. He also added that he left his address of record in Florida in February 2020, and then moved to Argentina in June 2021. *Id.* Jacobson claimed that he only received a copy of the arbitration award after that document was sent to another business that he owned. *Id.*

2

Kahuna urges the Court to confirm its arbitration award, notwithstanding the pending state court action. ECF No. 35 at 20. Kahuna argues that its notice to Jacobson was proper and that federal law—not Florida law—governed the arbitration procedures. For his part, Jacobson recognizes that the Court has jurisdiction to confirm the award. *See* ECF No. 41 at 4 n.3. He nevertheless urges the Court to maintain the stay pending the Florida proceedings, invoking the Court's inherent authority to stay proceedings and the *Colorado River* doctrine.

In its discretion, the Court concludes that continuing the stay under its inherent authority is the wisest course of action. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The pendency of Jacobson's vacatur challenge threatens to create dueling judgments in state and federal court, implicating thorny issues of judicial economy and comity.[3] The Court will therefore preserve the existing stay until the Florida vacatur petition is litigated. With the potential for federal-state conflict and duplicative litigation ameliorated, the Court will be better positioned to resolve a renewed petition by Kahuna.

### III.  ORDER

**IT IS THEREFORE ORDERED** that:

1.  The Petition to Lift Stay, Confirm Arbitration Award, and Enter Judgment (ECF No. 34) is **DENIED WITHOUT PREJUDICE**.

2.  The stay is **CONTINUED** until such time as the vacatur petition in Florida court is adjudicated.

3.  Kahuna **MAY RENEW** its petition following completion of the state proceedings.

---

[3] This result may have been prevented by removing Jacobson's vacatur petition to federal court and seeking consolidation with the present action. *See* ECF No. 43 at 2–3; *see also Choice Hotel Int'l, Inc. v. Niteen Hotels LLC*, 103 F. App'x 489, 492 (4th Cir. 2004) (prevailing party removed a vacatur challenge in state court similar to this one).

4.  The parties shall **ADVISE THE COURT** 60 days from entry of this Order about the status of the state litigation, and every 60 days thereafter.

**SO ORDERED**.

Signed: July 21, 2022

Graham C. Mullen
United States District Judge